# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BUSINESS COALITION FOR
CLEAN AIR, *et al.*,

    Petitioners,

v.

U.S. ENVIRONMENTAL
PROTECTION AGENCY, *et al.*

    Respondents.

No. 25-60077
Consolidated with No. 25-60081

## UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move the Court to extend the abeyance of these consolidated petitions for an additional 90 days. Petitioners do not oppose. Intervenors take no position.

1.    Petitioners Business Coalition for Clean Air *et al.* (Case No. 25-60077) and the State of Texas (Case No. 25-60081) seek review of EPA's disapproval of Texas's revision to its state implementation plan that addresses certain air emissions during planned startup, shutdown, and maintenance activities, published in the Federal Register as "Air Plan Disapproval; Texas; Control of Air Pollution from Visible Emissions and Particulate Matter," 89 Fed. Reg. 104,044 (Dec. 20, 2024).

1

2. On March 17, 2025, the Court granted EPA's motion to hold these petitions in abeyance for 120 days to allow the agency to brief new administration officials. *See* Order (Doc. 25-2). The Court extended the abeyance to November 13, *see* Order (Doc. 45-2), then to December 12 in light of the lapse in funding for the U.S. Department of Justice, *See* Order (Doc. 58-2), and then to February 10, 2026. *See* Order (Doc. 68-2).

3. On October 6, 2025, the State of Texas filed a petition with EPA for administrative reconsideration of the challenged agency action.

4. Since then, parties have been discussing potential paths to resolving this matter without litigation. EPA believes the parties may be able to reach such a resolution.

5. Extending the abeyance by 90 days will not prejudice any party, and may avoid the need to litigate these petitions.

6. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. For these reasons, the Court should extend the abeyance for an additional 90 days, with motions to govern due at the end of that period.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney*
*General*

*Of Counsel:*
SETH NOLBAUM
   Office of the General Counsel
   U.S. Environmental Protection
   Agency
   Washington, D.C.
JACOB GALLEGOS
   Office of the Regional Counsel
   U.S. Environmental Protection
   Agency, Region 6

  *s/ Alvand D. Ghandhari*
ALVAND D. GHANDHARI
   Environmental Defense Section
   Environment and Natural Res. Div.
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 598-3338
   alvand.ghandhari@usdoj.gov

February 10, 2026

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 345 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Alvand D. Ghandhari*
ALVAND D. GHANDHARI


Dated: February 10, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Alvand D. Ghandhari*
ALVAND D. GHANDHARI