**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| BUSINESS COALITION FOR CLEAN AIR, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*.<br><br>Respondents. | No. 25-60077<br>Consolidated with No. 25-60081 |

**OPPOSED MOTION TO HOLD CASES IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move the Court for an order continuing to hold this case in abeyance while EPA convenes a notice-and-comment process to reassess the challenged rule. EPA granted the State of Texas's Petition for Reconsideration on May 11, 2026 and intends to publish a Federal Register notice to begin the notice-and-comment process in the coming weeks. EPA requests that the Court extend the abeyance of this matter by an additional four weeks, or until seven days after the notice is published, whichever occurs first. Upon expiration of the abeyance, the parties would file a motion to govern further proceedings. Pursuant to Fifth Circuit Rule 27.4, counsel for EPA conferred with counsel for Petitioners and Intervenors regarding this motion. Petitioners, State of

Texas (Case No. 25-60081) and Business Coalition for Clean Air, et al. (Case No. 25-60077), oppose the motion and have advised that they intend to file a short response. Intervenors do not oppose the requested extension.

1. Texas Industry Petitioners and the State of Texas seek review of EPA's disapproval of Texas's revision to its state implementation plan that addresses certain air emissions during planned startup, shutdown, and maintenance activities for certain Electric Generating Units (EGUs) published in the Federal Register as "Air Plan Disapproval; Texas; Control of Air Pollution from Visible Emissions and Particulate Matter," 89 Fed. Reg. 104,044 (Dec. 20, 2024).

2. On March 17, 2025, the Court granted EPA's motion to hold these petitions in abeyance for 120 days to allow the agency to brief new administration officials. *See* Order (Doc. 25-2). The Court has since extended the abeyance, most recently to August 24, 2026. *See* Order (Dkt. No. 90).

3. On October 6, 2025, the State of Texas filed a petition with EPA for administrative reconsideration of the challenged agency action. On May 11, 2026, EPA granted the petition. EPA intends to proceed expeditiously in issuing a notice opening a new public comment period.

4. Especially because EPA has already granted a reconsideration petition, EPA requests the Court extend the abeyance to allow the administrative

process to proceed, as any rulemaking resulting from that process may obviate the need for further proceedings in this matter.

5. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936).

6. An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. Abeyance is warranted here because courts have recognized that agencies may review and, if appropriate, revise their past actions. *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted))).

7. Extending the abeyance will not prejudice any party, and may facilitate a resolution without the need to litigate these petitions. Abeyance would also preserve resources of the parties and the Court. It is possible that a rulemaking EPA completes as a part of its reconsideration process may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for

the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"). After the abeyance, EPA may ask this Court for further abeyance to continue or complete the rulemaking process.

8. For these reasons, there is good cause for the Court to extend the abeyance for an additional four weeks, or until seven days after publication of the notice opening a new public comment period, whichever occurs first, with motions to govern due upon expiration of the abeyance.

August 24, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

*s/ Alvand D. Ghandhari*
ALVAND D. GHANDHARI
Environmental Defense Section
Environment and Natural Res. Div.
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3338
alvand.ghandhari@usdoj.gov

*Of Counsel:*
SETH NOLBAUM
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.
JACOB GALLEGOS
Office of the Regional Counsel
U.S. Environmental Protection Agency, Region 6

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 745 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Alvand D. Ghandhari*
ALVAND D. GHANDHARI

Dated: August 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Alvand D. Ghandhari*
ALVAND D. GHANDHARI